## GRINSTEAD v. THE STATE.

No. 6880. December 14, 1928.

*I. H. Corbitt, J. Wade Johnson,* and *H. T. Sharpe,* for plaintiff in error.

*George M. Napier, attorney-general, M. H. Boyer, solicitor-general, T. R. Gress, assistant attorney-general,* and *L. C. Underwood,* contra.

GILBERT, J. Grinstead was convicted of murder. The exception is to a judgment refusing to grant a new trial. The motion was upon the general grounds, and on alleged newly discovered evidence tending to show that two of the jurors trying the case were disqualified by reason of prejudice and bias. Counter-affidavits introduced by the State completely contradicted the contention so made. The evidence authorized the jury to find that the accused, prior to the homicide for which he was tried in the present case, had been convicted of murder and sentenced to life imprisonment; that he was sent by the prison authorities to the State Farm at Milledgeville, but in about 30 or 60 days after he was placed at the State Farm he was brought back to the county jail of Montgomery County by a guard who stated that "Grinstead had a furlough to come and see about some business;" that he was kept in jail one night, and was taken by the guard the next morning to his (defendant's) home, whence he escaped and remained at large for about a year, when Homer Stuckey, a county policeman, with three others assisting him, went to the home of Grinstead to arrest him as an escaped convict; that, as arranged, the party upon arrival divided, two going around the right side of Grinstead's house and two around the other side; that just as Stuckey appeared in sight in rear of the house, Grinstead, who was standing in the yard, with gun in shooting position, fired, discharging a load of buckshot into the body of Stuckey, who died instantly; that Grinstead endeavored to escape, but was apprehended. The evidence also warranted a finding that neither Stuckey nor the deputy by his side had any weapon drawn at the time of the fatal shooting; that Stuckey's pistol, after his death,

was taken from its holster by his side; that the other deputies were on the other side of the house; that after Stuckey was killed several shots were fired at Grinstead, but all miscarried. Grinstead introduced no evidence, but in his statement contended that he fired blindly, at no one particularly, as he retreated from those firing at him; that he did not know Stuckey, and did not know that they were officers "when they came up;" and that had he known they were officers he could have been two or three hundred yards away by the time they reached the house.

The verdict is supported by evidence. The grounds of the motion for a new trial, in view of the counter-showing, do not show error. *Judgment affirmed.* *All the Justices concur.*